**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-CV-12-TBR**

**GLOBAL HEMP, INC.,**                                                                                    **PLAINTIFF**

**v.**

**INDUSTRIAL HEMP SOLUTIONS, LLC,**                                                       **DEFENDANTS**
**d/b/a GLOBAL HEMP SOLUTIONS,** *et al.*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion for Default Judgment & Permanent Injunction filed by Plaintiff Global Hemp, Inc. ("Global Hemp"), [DN 34]. Defendant Jeremy Luciano filed a response, [DN 36]. Defendant Industrial Hemp Solutions, LLC ("Industrial Hemp Solutions") filed a Motion to Set Aside Entry of Default and Response to Plaintiff's Motion for Default Judgment, [DN 39]. No replies have been filed, and the time for filing such replies has expired. This matter is therefore fully briefed and ripe for review. For the reasons set forth herein, the Court will deny Plaintiff's motion and will grant Industrial Hemp Solution's motion.

I.   **BACKGROUND**

Plaintiff filed this suit on January 24, 2020. [DN 1]. In its Complaint, Plaintiff asserts claims for trademark infringement, unfair competition, and cybersquatting against Industrial Hemp Solutions and two of its members, Jeremy Luciano and Marco Villatoro. *Id.*  Initially, all three defendants appeared, were represented through the same counsel, and filed an Answer.

1

[DN 11]. Subsequently, during discovery, Plaintiff was informed of a conflict among Defendants and their counsel. [DN 26, p. 141]. Prior counsel for Defendants moved to withdraw, [DN 23]. The Court granted the motion and ordered Defendants to secure new counsel within forty-five days. [DN 24]. Defendant Luciano obtained new counsel, Bryan Bishop, who entered his appearance. [DN 25].

The Court held a telephonic status conference on March 23, 2021. [DN 29]. Counsel for Plaintiff and counsel for Defendant Luciano appeared on this call. *Id.* There was no appearance for Defendants Villatoro or Industrial Hemp Solutions, either pro se or through counsel, on this call. *Id.* Counsel for Plaintiff subsequently filed the instant motion for entry of default on March 23, 2021. [DN 26]. In the subsequent telephonic status conference on May 5, 2021, counsel for Plaintiff and counsel for Defendant Luciano appeared, but there was no appearance, either pro se or through counsel, for Defendants Villatoro or Industrial Hemp Solutions.

The Court then entered an order, [DN 32], granting Plaintiff's Motion for Entry of Default, [DN 26], as to Defendants Villatoro and Industrial Hemp Solutions. The Court explained,

> It is clear from the record that neither Mr. Villatoro nor Industrial Hemp Solutions are defending this case any longer. Defendants were properly served, and more than 45 days have elapsed since Defendants' original counsel withdrew and the Court ordered they secure new counsel. Defendants Villatoro and Industrial Hemp Solutions have failed to appear or otherwise defend this action, either *pro se* or through counsel.

[DN 32, p. 2].

During a June 16, 2021 conference call with the Court, counsel appeared for Plaintiff and Defendant Luciano, but no appearances were made on behalf of Defendants Villatoro or Industrial Hemp Solutions. [DN 33]. Plaintiff advised the Court that he would seek a default judgment. *Id.* Plaintiff thereafter filed his Motion for Default Judgment & Permanent Injunction,

[DN 34]. Luciano filed a response, stating "no legal objection to the Court granting the Default Judgment against" Defendants Industrial Hemp Solutions and Villatoro. [DN 36, p. 2]. However, Luciano objected to the Court assessing damages against those defendants without first holding an evidentiary hearing. *Id.*

Soon after, attorneys Michael A. Valenti and Hayden A. Holbrook filed Notices of Appearance[1] on behalf of Defendants Luciano and Industrial Hemp Solutions, [DN 37; DN 38]. They then filed their Motion to Set Aside Entry of Default and Response to Plaintiff's Motion for Default Judgment, [DN 39]. They argue the Court should set aside the entry of default against Industrial Hemp Solutions for good cause shown, and regardless, the Motion for Default Judgment & Permanent Injunction, [DN 34], should be denied in its entirety.

The Motion to Set Aside Entry of Default, [DN 39], is filed on behalf of Defendants Luciano and Industrial Hemp Solutions only. Mr. Villatoro has not appeared or participated in this case since the Court ordered him to obtain counsel on January 29, 2021, [DN 34], over one year ago. Plaintiff advises that Villatoro is no longer employed by Industrial Hemp Solutions, [DN 34, p. 4], and it appears that neither Plaintiff nor the other defendants have had any success in locating Villatoro. *See, e.g.*, [DN 39, p. 6].

## II.   ANALYSIS

### A.  Default Judgment Against Defendant Industrial Hemp Solutions

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After the clerk's entry of default, the plaintiff may seek a default judgment from the Court. *See* Fed. R. Civ. P. 55(b)(2). Upon

---

[1] Valenti and Holbrook advised the Court that Mr. Bishop, who previously entered his appearance as counsel for Luciano, would move the Court to withdraw as counsel of record, though he has not yet done so. [DN 39, p. 4 n.2].

default, the Court takes as true all factual allegations in the complaint except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see also Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Under Rule 55, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). As the Sixth Circuit has explained, "the district court enjoys considerable latitude under the 'good cause shown' standard" when considering a request to set aside an entry of default. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Three equitable factors should guide the Court's decision: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Id.* at 292 (citation omitted). The Court considers each of these factors below. In doing so, the Court is mindful that default judgments are not favored, and there exists a "strong preference for trials on the merits in federal courts." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986); *see also Unition Coin Meter Co v. Seaboard C. R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) ("Judgment by default is considered a drastic step which should be resorted to only in the most extreme cases.").

### 1. Defendants' Culpability

As noted above, the Court must first consider whether Industrial Hemp Solutions' culpable conduct led to the default. In considering this factor, the Court considers Industrial Hemp Solutions' conduct "in the general context of determining whether a petitioner is deserving of equitable relief." *Id.* To be truly culpable, "mere carelessness is not enough; rather, there must be 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (6th Cir. 2005) (quoting *Shepard Claims Serv., Inc.*, 796 F.2d at 194). Ultimately, if the

defaulting party satisfies the other requirements for setting aside a default judgment (i.e, a meritorious defense and a lack of prejudice), and he "moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims*, 796 F.2d at 195.

In the present case, Industrial Hemp Solutions argues that its conduct "is not the type of culpable conduct that should preclude it from defending Global Hemp's claims in this case." [DN 39, p. 5]. It explains that, initially, Luciano obtained counsel for the company, himself, and Villatoro. *Id.* at 5–6. While represented by counsel, Industrial Hemp Solutions actively participated in discovery, including answering written discovery, propounding written discovery, and participating in depositions. *Id.* at 7. The defendants were then advised of a conflict of interest, namely, and their counsel withdrew. *Id.* at 6. Luciano, the Chief Executive Officer ("CEO"), again sought counsel for himself and Industrial Hemp Solutions; however, that attorney, Mr. Bishop, entered his appearance on behalf of Luciano only, citing the same conflict of interest.—namely, that Luciano and the company cannot be represented by the same attorney. *Id.* Industrial Hemp Solutions now argues that the cited conflict of interest is not a true conflict. *Id.* In other words, Industrial Hemp Solutions argues that its failure to obtain counsel was due to poor legal advice, rather than any attempt to thwart or recklessly disregard the judicial process. *Id.* Plaintiff has not responded to these arguments.

The Court agrees that the behavior of Industrial Hemp Solutions is not the type of culpable conduct that should be punished by default judgment. Luciano, the CEO of Industrial Hemp Solutions, has participated fully in this matter and has apparently attempted to secure counsel for the company on multiple occasions. Further, prior to the withdrawal of the

company's counsel, Industrial Hemp Solutions fully participated in this matter, as evidenced by its participation in discovery. Simply stated, Industrial Hemp Solutions has offered "a credible explanation for the delay that does not exhibit disregard for the judicial proceedings."[2] *Shepard Claims*, 796 F.2d at 195. Thus, this first factor weighs in favor of setting aside the clerk's entry of default.

### 2. Defendants' Defenses

Next, the Court considers whether Industrial Hemp Solutions has a meritorious defense. This requirement is "well established in federal law." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985) (citations omitted). The Sixth Circuit has explained that, in considering whether a defendant has a meritorious defense, the "[l]ikelihood of success is not the measure." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)) (internal quotation marks omitted). "Rather, if any defense relied upon states a defense good at law then a meritorious defense has been advanced." *Id.* (citation omitted). Stated another way, "the test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *Id.* Thus, the Court considers "whether there is some possibility that the outcome of this suit after a full trial will be contrary to the result achieved by the default." *S. Elec. Health Fund*, 146 F. App'x at 777 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys, Inc.*, 815 F.2d 391, 399 (6th Cir. 1987)) (internal quotation marks omitted).

Industrial Hemp Solutions claims to have a meritorious defense to each of Global Hemp's claims. [DN 39, p. 8]. It first explains that Global Hemp, which owns the federal register

---

[2] In reaching this conclusion, the Court makes no finding with respect to the purported conflict of interest referenced by Industrial Hemp Solutions.

for the trademark GLOBAL HEMP, sells hemp products and hemp-related consulting services. *Id.* Global Hemp's allegations in this case stem from Industrial Hemp Solutions' alleged use of the business alias "Global Hemp Solutions." *Id.*; *see also* [DN 1]. However, the defendants argue, there is no risk of a "likelihood of confusion" among customers, a necessary element of each of Global Hemp's claims. *See* [DN 39, p. 9]. This defense stems primarily from the fact that Industrial Hemp Solutions does not utilize Global Hemp's unique lettering or design; rather, it argues, it uses the descriptive terms "global hemp" to define the market, as allowed by law. *Id.* at 10 (citations omitted). Further, the defendants note that Industrial Hemp Solutions sells industrial hemp equipment, while Global Hemp does not sell such products. *Id.* Thus, the defendants also argue that confusion is unlikely because the goods and services at issue are totally unrelated. *Id.* (citations omitted).

The Court finds that the facts alleged by Industrial Hemp Solutions, if true, would constitute a meritorious defense. In other words, "there is some possibility that the outcome of this suit after a full trial will be contrary to the result achieved by the default," assuming Industrial Hemp Solutions' allegations are true. *S. Elec. Health Fund*, 146 F. App'x at 777 (quoting *INVST Fin. Grp.*, 815 F.2d at 399) (internal quotation marks omitted). This second factor therefore weighs in favor of setting aside the entry of default.

### 3. Prejudice to Plaintiff

Lastly, the Court considers whether Plaintiff will be prejudiced if the clerk's entry of default is set aside. For the setting aside of an entry of default to be deemed prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *S. Elelc. Health Fund*, 146 F. App'x at 778 (quoting *Thompson v. AM Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)) (internal quotation

marks omitted). Mere delay, however, is insufficient to establish prejudice. *INVST Fin. Grp.*, 815 F.2d at 398 (citations omitted).

In arguing that Plaintiff will not suffer prejudice, Industrial Hemp Solutions first notes that a significant amount of discovery has already been completed in this matter. [DN 39, p. 11]. "In other words," the defendants argue, "the bulk of discovery relevant to this matter has already been completed by the parties," and Plaintiff "cannot point to any loss of evidence, increased difficulty of discovery, or other tangible harm that it would suffer" if the Court sets aside the entry of default. *Id.* Plaintiff has not responded to these arguments, nor presented any argument that it will suffer tangible harm if the entry of default is set aside.

The Court agrees that Plaintiff will not be significantly prejudiced by setting aside the clerk's entry of default. As the defendants note, the bulk of discovery has concluded, and the Court is not aware of any facts that would support a finding of prejudice. While there will be an inevitable delay in the resolution of this matter, mere delay is insufficient to establish prejudice, as noted above. *INVST Fin. Grp.*, 815 F.2d at 398 (citations omitted). Further, the Court notes that Plaintiff's claims against Luciano would remain active and ongoing, even if a default judgment were granted against the other defendants. In other words, this matter will continue regardless, so any delay in the resolution of claims against Industrial Hemp Solutions is minor, at most. This third factor therefore weighs in favor of setting aside the default.

In sum, the Court has considered each of the three factors set forth above and finds it appropriate to set aside the clerk's entry of default and allow Industrial Hemp Solutions to defend itself in this matter. In reaching this conclusion, the Court is mindful that Plaintiff declined to file a response to the Motion to Set Aside Entry of Default, [DN 39]. The Court will therefore deny Plaintiff's motion, [DN 34], to the extent Plaintiff seeks a default judgment and

protective order against Defendant Industrial Hemp Solutions and will grant Industrial Hemp Solutions' Motion to Set Aside Entry of Default, [DN 39].

### B. Default Judgment Against Defendant Villatoro

Unlike Defendant Industrial Hemp Solutions, Villatoro has not appeared pro se or by counsel in this matter following the clerk's entry of default, nor has Villatoro asked the Court to set aside the entry of default. Plaintiffs asks the Court to enter a default judgment against Villatoro awarding several thousand dollars in damages to Plaintiff, and further asks the Court to issue a permanent injunction against Villatoro. [DN 34].

Nonetheless, Plaintiff is not automatically entitled to a final default judgment upon the entry of default; instead, the Court retains discretion to enter a default judgment. *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citations omitted). When exercising this discretion, the Court may consider a variety of factors:

> [1] the amount of money potentially involved; [2] whether material issues of fact or issues of substantial public importance are at issue; [3] whether the default is largely technical; [4] whether plaintiff has been substantially prejudiced by the delay involved; [5] and whether the grounds for default are clearly established or are in doubt.

10A Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (4th ed.) (footnotes omitted). Further, "[w]hen default has been entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1474 (6th Cir. 1998). If the plaintiff loses on the merits, the matter is dismissed against both the defaulting and non-defaulting parties. *Id.* (citation omitted).

In the present action, a significant amount of money is involved; the default is largely technical (due to a failure to obtain counsel); and, as noted above, the plaintiff has not suffered

9

prejudice and has in fact received a large amount of discovery thus far. Further, a default judgment against Villatoro could produce inconsistent results with respect to Defendants Luciano and Industrial Hemp Solutions and could risk prejudicing one or both of these defendants. Accordingly, the Court will follow the preferred practice of withholding a default judgment until the claims against the remaining defendants have been resolved on the merits. Thus, at this time, the Court will not enter a final default judgment against Villatoro, nor assess damages against him or issue a permanent injunction against him. However, the clerk's entry of default against Defendant Villatoro stands, and Plaintiff may may refile its request for a default judgment against Villatoro at a more procedurally proper time.

### III.  CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that the Motion for Default Judgment & Permanent Injunction filed by Plaintiff Global Hemp, Inc., [**DN 34**], is **DENIED**, and the Motion to Set Aside Entry of Default and Response to Plaintiff's Motion for Default Judgment filed by Defendant Industrial Hemp Solutions, LLC, [**DN 39**], is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk's entry of default, [**DN 32**], is **SET ASIDE** and **VACATED** as to Defendant Industrial Hemp Solutions **ONLY**. The clerk's entry of default, [**DN 32**], against Defendant Villatoro remains in full force and effect, and Plaintiff may refile its request for default judgment against Villatoro when appropriate.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

February 14, 2022

cc: Counsel of Record